UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

Robert Cloy #195877,

    Plaintiff,                                        Case No: 1:21CV00989-JTN-PJG

-vs-

Keefe Commissary Network, LLC
d/b/a Access Corrections,

    Defendants.

## DEFENDANT'S ANSWER TO PLAINTIFF'S AFFIDAVIT AND CLAIM AND AFFIRMATIVE DEFENSES

    Defendant, Keefe Commissary Network, LLC d/b/a Access Correction, through its attorneys, Plunkett Cooney, and for its answer to plaintiff's affidavit and claim, states as follows:

### STATEMENT OF FACTS

    1.    On 2/27/09 Plaintiff purchased a Sec-100 portable media player from "Kefee Commissary aba Access Corrections, Appendix-A. Throughout the time of owning the "Media-Player" the Plaintiff has had to send it back to "Kefee Commissary Network LLC dba Access Corrections" many times in the past, due to software issues, Appendix-B. In 2017 "Kefee Commissary Network LLC dba Access Corrections placed a timer on my "Media Player" without giving me adequate and reasonable "notice"' before doing so.

**ANSWER:**     **It is denied as untrue a timer was placed on plaintiff's media player without providing adequate and reasonable notice as alleged.**

2. Kefee Commissary Network LLC aba Access Corrections never had a contract with the (M.D.O.C.) concerning "Media Players or Music" but with "Access Media." Plaintiff was never given "**adequate or reasonable notices**" that I would not be able to send my "Media Player" in for repair, software issues, or for it to be rebotted etc.

**ANSWER:** **The allegations set forth in paragraph 2 of plaintiff's complaint are denied as untrue.**

3. On 8/1/20 Plaintiff's "Media Player" stop working. Plaintiff wrote "Access Corrections" and asked them could I send my player in for it to be rebootted. Plaintiff received no response.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of plaintiff's complaint.**

4. Plaintiff wrote "Consumer Protections Department" in Michigan, and explained the issue and they contacted "Access Corrections" by e-mail, and "Access Corrections" responded saying that they are not responsible since the (M.D.O.C.) didn't renew its contract with them, Appendix-C, which is false.

**ANSWER:** **Defendant denies as untrue plaintiff's allegations as to its response to plaintiff's complaint to the CPD. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 4 of plaintiff's complaint.**

5. Since I purchased the "Media Player" from "Kefee Commissary Network LLC dba Access Corrections" with my own money and I brought songs with my own money and Access Correction did not have a contract for "Media Players or Songs" then the purchase

and songs which "Access Corrections" told me is mine, the "Binding Agreement" is lawful and they are obligated repair, reboot, replace due to software defects, and has nothing to do with the M.D.O.C. the issues are between the Plaintiff and "Access Corrections".

**ANSWER:** **The allegations set forth in paragraph 5 of plaintiff's complaint are denied as untrue.**

6. The Michigan Department of Corrections is not restricting [1] repairs [2] rebooting [3] replacement due to software defects.

**ANSWER:** **The allegations set forth in paragraph 6 of plaintiff's complaint are denied as untrue.**

7. The 14th Amendment through the State's require equal protect and due process. All statutes in content and application shall afford each citizen all the protections of the 14th Amendment. Plaintiff's life, liberty or property is involved when "Access Corrections" came into this State to do business, Plaintiff purchased a "Media Player" was taxed for it and was taxed continuously for each song, which is his property and has equal protection to not be "discriminated" against by "Access Corrections."

**ANSWER:** **The allegations set forth in paragraph 7 of plaintiff's complaint are legal conclusions to which no answer is required. To the extent that an answer is required, defendant denies as untrue the allegations set forth in paragraph 7 of plaintiff's complaint.**

8. Plaintiff has been denied equal protection, end has been "**discriminated**"", against by Access Corrections" by allowing other prisoners to send there "Media Players" back to "Access Corrections" and have them [1] repaired [2] rebooted etc, but denied the Plaintiff the same equal protections as another prisoner in a similar set of circumstances,

Appendix-D and E. The terms of the agreement at the time of sale and ongoing was I, not the M.D.O.C. would be accommodated to have my "Media Player" repaired, rebooted etc without being discriminated against.

**ANSWER:** **The allegations set forth in paragraph 8 of plaintiff's complaint are denied.**

### AFFIRMATIVE DEFENSES

Defendant, Keefe Commissary Network, LLC d/b/a Access Correction, through its attorneys, Plunkett Cooney, and for its affirmative defenses, states as follows:

1. Plaintiff has failed to state claims upon which relief can be granted.

2. Plaintiff's claims are barred by doctrines of laches or unclean hands. Defendant reserves the right to conduct discovery on this affirmative defense.

3. Plaintiff is not similarly situated to the individuals as identified in his complaint.  Defendant reserves the right to conduct discovery on this affirmative defense.

Dated:  November 23, 2021

Respectfully submitted,

PLUNKETT COONEY

By: /s/ Robert A. Callahan
Robert A. Callahan (P47600)
Bradford S. Moyer (P51481)
Attorneys for Defendants
333 Bridge St., NW, Suite 530
Grand Rapids, MI  49504
**Direct Dial:  269/226-8856**

Open.27559.15479.27580198-1