UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CLOY #195877,

              Plaintiff,                            Hon. Phillip J. Green

v.                                      Case No. 1:21-cv-989

KEEFE COMMISSARY NETWORK LLC,

              Defendants.

_____/

## OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 29).  The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment.  28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned.  For the reasons discussed herein, Defendant's motion will be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action against Keefe Commissary Network (a.k.a. Access Corrections) in state court.  (ECF No. 1).  In his complaint, Plaintiff alleges the following.

On February 27, 2009, Plaintiff purchased a "portable media player" from Defendant.  In 2017, Defendant "placed a timer on" his media without first providing him "adequate and reasonable notice."  On August 1, 2020, Plaintiff's media player

stopped working.   Plaintiff wrote Defendant asking if he could "send [his] [media] player in for it to be rebooted."   Plaintiff received no response.

Plaintiff then contacted the Consumer Protection Division of the Michigan Department of Attorney General.   In response to the State's inquiry, Defendant stated that it was "unable to accept [Plaintiff's] player for review or issue any refund" because: (1) the warranty on Plaintiff's media player expired more than ten years prior and (2) the MDOC did not renew its contract with Defendant, thus preventing Defendant from servicing Plaintiff's media player.

Plaintiff alleges that Defendant's refusal to service his media player violated his right to equal protection.   Defendant has removed the matter to this Court and now moves for summary judgment.   Plaintiff has responded to the motion.   The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*,

398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail

as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on his equal protection claim, Plaintiff demonstrate that the government treated him "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claims in which the plaintiff does not allege membership in a particular class or group, but instead alleges that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012).

To prevail on his claims, Plaintiff must first establish that Defendant was a state actor. This requires Plaintiff to demonstrate that the conduct by Defendant giving rise to this action "may be fairly attributable to the State." *See Marie v. American Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014). Plaintiff bears the burden to establish that Defendant should be considered a state actor. *See Ragesdale v. Macy's Department Store*, 2011 WL 573594 at *2 (W.D. Mich., Jan. 20, 2011).

Plaintiff has presented no facts which would support a finding that Defendant, a private entity, is properly characterized as a state actor in this matter.   Plaintiff fails to even address the issue in either his complaint or response.   Plaintiff's claim, therefore, fails.   Moreover, even if the Court assumes that Defendant is considered a state actor, the result is the same as Plaintiff has failed to present evidence that creates a genuine factual dispute regarding his claim.   As already noted, to prevail on his claim Plaintiff must demonstrate that Defendant treated him differently from similarly situated individuals *and* that such disparate treatment burdened a fundamental right, targeted a suspect class, or had no rational basis.   Plaintiff cannot satisfy any of these requirements.

A.     Similar Situated

Plaintiff attached to his complaint evidence indicating that two other prisoners successfully returned their media players to Defendant for repairs.   (ECF No. 1, PageID.19, 21).   Specifically, Plaintiff's evidence reveals that Defendant repaired media players submitted by two prisoners, Newson Bey and Frederick Terrell. Significantly, however, Plaintiff has presented no evidence suggesting that the warranty on these players had expired when Bey and Terrell submitted them for repairs.   This is significant because Defendant, in response to an inquiry from the Consumer Protection Division of the Michigan Department of Attorney General, stated that it did not repair Plaintiff's media player, in part, because the warranty on Plaintiff's media player had long since expired.   (ECF No. 1, PageID.17).   Thus, Plaintiff cannot establish that he was similarly situated with prisoners Bey or Terrell.

*See, e.g., Sanders v. City of Hodgenville, Kentucky*, 323 F.Supp.3d 904, 911 (W.D. Ky. 2018) (to be similarly situated, the two individuals must be like another "in all relevant respects).

### B.    Other Requirements

Even if the Court assumes that Plaintiff was similarly situated to Bey or Terrell, Plaintiff cannot establish that Defendant's actions burdened a fundamental right, targeted a suspect class, or lacked a rational basis.

Failing to repair a media player does not burden a fundamental right. Plaintiff has failed to allege or demonstrate that he is a member of a suspect class. In this respect, the Court notes that prisoners are not a suspect class for equal protection purposes.   *See, e.g., Quinn v. Whitmer*, 2020 WL 5405776 at *6 (W.D. Mich., Sept. 9, 2020).   Furthermore, as already noted, Defendant articulated a rational basis for failing to repair Plaintiff's media player, it was out of warranty having been purchased in 2009.   Defendant also noted that it was "unable to accept [Plaintiff's] player for review" because the MDOC had by then "severed ties with" Defendant.   (ECF No. 1, PageID.17; ECF No. 30, PageID.91-92).

### C.    Class of One Claim

To the extent Plaintiff's complaint is interpreted as asserting a "class of one" equal protection claim, the result is the same.   As noted above, to prevail on such a claim, Plaintiff must establish that he was *intentionally* treated differently from similarly situated individuals and that there exists no rational basis for the difference in treatment.   As already discussed, Defendant has presented unrefuted evidence

that it possessed a rational basis for treating Plaintiff differently than Newson Bey and Frederick Terrell.   Thus, this claim likewise fails.

For the reasons discussed herein, the Court finds that Defendant is entitled to summary judgment on Plaintiff's federal law equal protection claim.   To the extent Plaintiff's complaint is interpreted as asserting an equal protection claim under Michigan law, the result is the same.   *See, e.g., Toth v. Callaghan*, 995 F.Supp.2d 774, 781 n.6 (E.D. Mich. 2014) (recognizing that because "the provisions of the federal and Michigan equal protection clauses have similar language and are coextensive," deciding an equal protection claim under one body of law "would be equivalent to" deciding it under the other).

## <u>CONCLUSION</u>

For the reasons articulated herein, Defendant's Motion for Summary Judgment (ECF No. 29) is hereby granted and this action terminated.   For the same reasons the undersigned grants Defendant's motion, the undersigned finds that an appeal of this matter by Plaintiff would not be in good faith.   An Order consistent with this Opinion will enter.

Date: October 21, 2022                   /s/ Phillip J. Green
                                         PHILLIP J. GREEN
                                         United States Magistrate Judge